EAST BATON ROUGE PARISH
Filed Dec 22, 2022 8:20 AM
Deputy Clerk of Court
E-File Received Dec 21, 2022 4:29 PM
C-727017
31

**19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

CASE NO.: DIVISION " "

**GEORGE TAUS AND STEPHANIE SOKOL**

**VS.**

**PRESTIGE HOSPITALITY INVESTMENTS LLC dba BEST WESTERN LSU/MEDICAL CORRIDOR INN & SUITES and XYZ INSURANCE COMPANY**

FILED:_____       _____
                                            DEPUTY CLERK

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes, Plaintiffs, George Taus and Stephanie Sokol ("Plaintiffs"), who petition this Court for a Judgment against Defendants, Prestige Hospitality Investments LLC dba Best Western LSU/Medical Corridor Inn & Suites and XYZ Insurance Company (herein after sometimes collectively referred to as "Defendants"), and in support thereof respectfully avers as follows:

**PARTIES**

1.

Plaintiff, George Taus is domiciled in Los Angeles County, in the state of California and is the full age of majority.

2.

Plaintiff Stephanie Sokol is domiciled in Los Angeles County, in the state of California and is the full age of majority.

3.

Defendant, Prestige Hospitality Investments LLC dba Best Western LSU/Medical Corridor Inn & Suites ("Defendant" or "Best Western"), is a domestic limited liability company licensed to do and doing business in the State of Louisiana.

1

4885-2604-2181, v. 1

EXHIBIT NR-A

4.

Defendant, XYZ Insurance Company ("Defendant" or "XYZ Insurance"), is the fictitious name of the unknown insurer of Best Western, licensed to do and doing business in the State of Louisiana.

## VENUE

5.

Venue is proper within the Parish of East Baton Rouge pursuant to La. Code Civ. Proc. Arts. 42 and 74.

## FACTS

6.

On or about January 1, 2022, Plaintiffs were guests of the Best Western LSU/Medical Corridor Inn and Suites.

7.

Upon information and belief, the Best Western LSU/Medical Corridor Inn and Suites is owned and operated by Defendant Prestige Hospitality Investments LLC dba Best Western and is located at 7959 Essen Park Ave., Baton Rouge, LA 70809.

8.

At all times material hereto, Defendant was operating a hotel open to the public. Plaintiffs were invited to be guests at the Best Western in furtherance of Defendant's business, and Plaintiffs were, in fact, guests of the Best Western.

9.

The shower floor of Mr. Taus' room at the Best Western contained no non-skid gripping nor was a rubber mat available to ensure the shower floor did not present a slip hazard.

10.

Without any non-skid gripping or a rubber mat, Defendant's shower floor when wet presented a slip hazard and an unreasonable risk of harm. Even with Plaintiffs' best efforts and exercising due caution, they could not have seen foreseen the unreasonable risk of harm presented by the wet shower floor.

11.

At all times material hereto, there were no posted signs to warn guests of the presence of the unreasonably dangerous shower floor. Moreover, the shower and bathroom did not contain any warning, to protect guests from accidents such as the one described herein.

12.

Due to the unreasonably dangerous condition presented by the wet shower floor and lack of non-skid gripping or a rubber mat, Defendants' shower was defective and caused Mr. Taus to slip and fall and suffer excruciating injuries, which included, but are not limited to, a fractured right femur.

13.

Mr. Taus' injuries required immediate medical attention. Mr. Taus' injuries also required ongoing medical treatment, all with continued pain and suffering.

14.

Plaintiff Stephanie Sokol, Mr. Taus' wife, sustained her own damages for loss of consortium, loss of support, lost wages, as well as mental anguish and emotional distress.

15.

Best Western's shower is not compliant with local and state ordinances such that it was defective and presented an unreasonable risk of harm.

16.

Best Western knew or reasonably should have known of the dangerous condition or conditions on or about its property and the unreasonable risk of harm it posed to others, including Plaintiffs, and Best Western failed to exercise reasonable care.

17.

Best Western failed to properly train and supervise its employees so as to not allow its employees to leave a shower without a rubber mat in an unreasonable dangerous condition as guests visit Best Western.

18.

Defendant owed the Plaintiffs the duty to:

    a. exercise reasonable care for Plaintiffs' safety on the premises;

3

    b. keep the premises in a reasonably safe condition;

    c. ensure that Plaintiffs were not exposed to unreasonable risks of injury or harm; and

    d. discover any unreasonably dangerous conditions and either:

        i. correct the conditions, or

        ii. adequately warn Plaintiffs of the conditions.

19.

Defendant breached its duty of ordinary care owed to Plaintiffs in one or more of the following ways:

    a. Failing to correct the dangerous condition of the shower floor;

    b. Failing to adequately warn guests of the dangerous condition of the shower floor;

    c. Failing to use ordinary care in designing and/or equipping the shower floor or bathroom with warning on Defendant's premises;

    d. Failing to reduce or eliminate an unreasonably dangerous condition;

    e. Failing to sufficiently make sure the shower floor was not a slip hazard;

    f. Failing to adequately warn of the dangerous and unsafe conditions on or about Defendants' premises, including the shower floor devoid of any warning, of which Defendants knew or should have known;

    g. Failing to properly train and supervise its employees;

    h. Failing to inspect Defendant's premises including the shower floor to discover latent, dangerous conditions;

    i. Failing to cure, correct, alleviate, remove, and/or repair timely all dangerous and unsafe conditions on or about Defendant's premises including conditions on the shower floor; and

    j. Failing to act as a reasonably prudent person would under the same or similar circumstances.

20.

Defendant's breach of duty both directly and proximately caused serious and debilitating injuries to the Plaintiffs.

21.

Defendant is also strictly liable for Plaintiffs' accident, injuries and damages under Louisiana Civil Code article 2317.1, as Plaintiffs' damages were caused by the ruin, vice and defect of room floor and walkway in Defendant's ownership and care.

4

4885-2604-2181, v. 1

22.

At all relevant times herein, Defendant XYZ Insurance Company issued a liability insurance policy providing coverage to Defendant Best Western. At all relevant times herein, the policy was current and in effect. Pursuant to the provisions of Louisiana's Direct Action Statute, contained within La. R.S. §22:1269, Defendant XYZ Insurance is directly liable to Plaintiffs for the acts and omissions of Defendant Best Western.

## DAMAGES

23.

Defendants' acts or omissions, as detailed above, proximately caused personal injury to Plaintiffs, which includes but is not limited to the following:

a. Pain and suffering in the past and future,

b. Mental anguish in the past and future,

c. Physical disfigurement in the past and future,

d. Physical impairment in the past and future,

e. Medical expenses in the past and future,

f. Lost wages and loss of earnings capacity,

g. Other unliquidated damages within the jurisdictional limits of this Court,

h. Exemplary damages, to the extent provided by law,

i. Attorneys' fees, to the extent provided by law, and

j. Pre-judgment interest and post-judgment interest.

**WHEREFORE**, Plaintiffs, George Taus and Stephanie Sokol, pray that Defendants be made to appear and answer; and, after all due proceedings are had, that there be a judgment in their favor, against the Defendants, Prestige Hospitality Investments LLC dba Best Western LSU/Medical Corridor Inn & Suites and XYZ Insurance Company, in an amount sufficient to compensate them for the damages detailed above, for interest from the date of judicial demand, for reasonable costs and attorneys' fees, and for all other general and equitable relief.

*[SIGNATURE BLOCK ON FOLLOWING PAGE]*

Respectfully submitted,

THE CHOPIN LAW FIRM, LLC

_____
JUSTIN M. CHOPIN (La. 31100)
MICHAEL D. LETOURNEAU (La. 32556)
ASHLEE L. ADAMS (La. 39101)
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Justin Direct: 504-229-6681
Mike Direct: 504-229-6685
Ashlee Direct: 504-356-9023
Facsimile: 504-324-0640
E-mail: Justin@ChopinLawFirm.com
Mike@ChopinLawFirm.com
Ashlee@ChopinLawFirm.com
1313 Service: Service@ChopinLawFirm.com
*Attorneys for Plaintiff, George Taus and Stephanie Sokol*

**PLEASE SERVE:**

**Prestige Hospitality Investments LLC**
*Through its registered agent for service of process,*
Jatin Kumar Patel
7959 Essen Park Ave.
Baton Rouge, LA 70809

**Prestige Hospitality Investments LLC**
*Via Louisiana Long Arm Statute*
Jatin Kumar Patel
2 Atlanta Cove
Clinton, MS 39056

**19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

NO. 727-017                                                              DIVISION "31"

**GEORGE TAUS AND STEPHANIE SOKOL**

**VERSUS**

**PRESTIGE HOSPITALITY INVESTMENTS LLC dba BEST WESTERN LSU/MEDICAL CORRIDOR INN & SUITES and XYZ INSURANCE COMPANY**

FILE: _____      _____
                                                            DEPUTY CLERK

**NOTICE OF FILING OF NOTICE OF REMOVAL**

TO:   Honorable Clerk of Court
      19th Judicial District Court
      Parish of East Baton Rouge
      State of Louisiana

PURSUANT TO 28 U.S.C. §1446(a), you are hereby notified that Defendant, PRESTIGE HOSPITALITY INVESTMENTS LLC dba BEST WESTERN LSU/MEDICAL CORRIDOR INN & SUITES has of this date filed in the office of the Clerk of Court of the United States District Court for the Middle District of Louisiana, its Notice of Removal, a copy of which is attached hereto.

You are also advised that Defendants upon the filing of said Notice, are also filing a copy of the Notice of Removal with the Honorable Clerk of Court, 19th District Court, Parish of East Baton Rouge, State of Louisiana, in accordance with Section 1446(e) of Title 28 of the United States Code.

EXHIBIT
NR-B

Respectfully Submitted,

**THE JAVIER LAW FIRM, LLC**

*Christopher P Lawley*
**ROGER A. JAVIER, T.A.** (Bar No. 26056)
**ALEXA M. YOUSSEF** (Bar No. 37364)
**CHRISTOPHER P. LAWLER** (Bar. No. 25139)
1340 Poydras St., Suite 2100
New Orleans, LA  70112
Telephone: (504) 599-8570
Facsimile:  (504) 599-8579
*Attorneys for Defendants,*
*PRESTIGE HOSPITALITY INVESTMENTS LLC*
*dba BEST WESTERN LSU/MEDICAL*
*CORRIDOR INN & SUITES*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States Mail, first class postage prepaid and properly addressed, and/or via electronic mail, and/or via facsimile, and/or via CM/ECF Upload this 13th day of February, 2023.

*Christopher P. Lawley*
**CHRISTOPHER LAWLER**